E-FILED
Friday, 29 July, 2022  03:38:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TREVOR CHAVEZ BURTTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 22-cv-1114-MMM** |
| | ) | |
| **LIVINGSTON COUNTY JAIL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER – AMENDED COMPLAINT</u>

Plaintiff, proceeding *pro se*, files an Amended Complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was detained at the Livingston County Jail ("Jail"). (Doc. 8).

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff names as Defendants (1) Keasha Burns, (2) Correctional Officer Burns, (3) the Livingston County Sheriff Tony Childress, (4) the Livingston County Dietian [sic], (5) Superintendent Draper, and (6) the Jail.

1

Plaintiff, who is Jewish, alleges that his constitutional rights have been violated because the Jail does not provide properly portioned kosher meals that are prayed over by a rabbi.

He also claims that correctional officer "K. Burns" asked him "how [he is] a Jew when [he is] black." Plaintiff alleges that this comment "highly offended" him and constituted racial profiling. Plaintiff states that he wrote a grievance concerning the matter and the same correctional officer questioned him about the grievance a day later, which Plaintiff claims was intimidating.

Plaintiff also alleges that Christians, Baptists, and Catholics have a church service at the Jail, but Jews do not. Plaintiff seeks $15,000 in damages for being "forced" to go on a hunger strike and an order requiring the Jail to offer a synagogue service and provide kosher meals that are prayed over by a rabbi.

## ANALYSIS

Plaintiff's Amended Complaint does not contain sufficient factual allegations for the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. *See Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Plaintiff alleges that a correctional officer named "K. Burns" allegedly commented about Plaintiff's race and religion and confronted Plaintiff about a grievance he filed. (Doc. 8 at 5). It is unclear if "K. Burns" is Defendant Keasha Burns or Correctional Officer Burns or a different individual entirely. The allegations in Plaintiff's Amended Complaint do not clearly identify which Defendant he is referring to or put the Defendant on notice of his claims. *See* Fed. R. Civ. P. 8.

While Plaintiff names Sheriff Tony Childress, the Livingston County Dietian [sic], and Superintendent Draper as Defendants, he does not claim that they were present or participated in the alleged violations. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir.

2003) (internal quotations and citations omitted). Additionally, § 1983 does not allow actions against individuals based on their supervisory role of others. Therefore, Keasha Burns, Correctional Officer Burns, Sheriff Tony Childress, the Livingston County Dietian [sic], and Superintendent Draper are DISMISSED, without prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend.

Finally, the Jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) (a jail is not a "person" that may be sued under § 1983). The Livingston County Jail is DISMISSED, with prejudice.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff is given leave to file a Second Amended Complaint within 30 days from the entry of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Second Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2)      The Livingston County Jail is DISMISSED, with prejudice. The Clerk is directed to TERMINATE the Jail as a party.

3)      In a separately filed Motion [11], Plaintiff states that he went on a hunger strike for seven days, which caused hunger pains and hallucinations. He states that he is now seeking $50,000 in damages and an order requiring the Jail to purchase kosher meals. Piecemeal amendments of a complaint are not accepted. The Court has completed its Merit Review of his

3

Amended Complaint and given Plaintiff the opportunity to file a Second Amended Complaint within 30 days. As stated above, the Second Amended Complaint must contain all allegations against all Defendants. [11] is MOOT.

4)      Plaintiff also filed an Exhibit [12]. Plaintiff is advised that a complaint "must stand on its own without reference to any other pleading." *See Purnell v. Illinois Dep't of Corr.*, No. 20-CV-641-NJR, 2020 WL 5038589, at *1 (S.D. Ill. Aug. 26, 2020) (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004)). The Court will not consider separately filed exhibits.

ENTERED:  7/29/2022

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
